**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001101
28-MAR-2012
08:15 AM**

NO. CAAP-11-0001101

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

WELLS FARGO BANK, N.A., NATIONAL ASSOCIATION
AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2007-OPT2,
ASSET-BACKED CERTIFICATES, SERIES 2007-OPT2, Plaintiff-Appellee,
v.
HATOTA TEHIVA, JAYDEN PHILLIPS TEHIVA, AND JOYCELENE PHILIPS,
Defendants-Appellants,
and
JOHN DOES 1-50 AND JANE DOES 1-50, Defendants

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 11-1-1133)

ORDER GRANTING JANUARY 9, 2012 MOTION
TO DISMISS APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of (1) Plaintiff-Appellee Plaintiff-Appellee Wells Fargo Bank, N.A., National Association as Trustee for Soundview Home Loan Trust 2007-OPT2, Asset Backed Certificates, Series 2007-OPT2's (Appellee Wells Fargo Bank), January 9, 2012 motion to dismiss Appeal No. CAAP-11-0001101 for lack of jurisdiction, (2) the lack of any memorandum by Defendants-Appellants Hatota Tehiva, Jayden Phillips Tehiva, and Joycelene Phillips (the Appellants) in opposition to Appellee Wells Fargo Bank's January 9, 2012 motion to dismiss Appeal No. CAAP-11-0001101 for lack of jurisdiction, and (3) the record, it appears that Hawaii Revised Statutes (HRS) § 641-1(a) (Supp.

2011) does not authorize jurisdiction over this appeal from district court civil number 2RC11-1-1133, the Honorable Barclay E. MacDonald presiding, because the Appellants are attempting to appeal from the purported adjudication of a post-judgment order for which the district court has not yet entered a written order.

Although the district court entered a July 18, 2011 judgment for possession that was appealable pursuant to HRS § 641-1(a) (Supp. 2011) and the Forgay doctrine (see Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995)), no party timely appealed from the July 18, 2011 judgment for possession within the appropriate time period under Rule 4(a) of the Hawaiʻi Rules of Appellate Procedure. Instead, the Appellants have attempted to appeal from the purported adjudication of the Appellants' December 28, 2011 post-judgment motion for a temporary restraining order enjoining enforcement of the July 18, 2011 judgment for possession. "A post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). "[T]he separate judgment requirement articulated in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994),] is inapposite in the post-judgment context." Ditto v. McCurdy, 103 Hawaiʻi at 158, 80 P.3d at 979. Thus, for example, "[a]n order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)." Ditto v. McCurdy, 103 Hawaiʻi 153, 160, 80 P.3d 974, 981 (2003) (citation omitted) (emphasis added).

Nevertheless, the district court in the instant case has not yet entered a written post-judgment order that adjudicates the Appellants' December 28, 2011 post-judgment motion for a temporary restraining order. In the Appellants' December 30, 2011 notice of appeal, the Appellants have designated the appealed order as a December 29, 2011 proposed order that, upon approval by the district court, would have granted the Appellants December 28, 2011 post-judgment motion for a temporary restraining order. However, someone stamped the word "DENIED" on the December 29, 2011 proposed order, apparently to indicate that the district court was not willing to approve it as the district court's written order. Neither a district court judge nor a district court clerk signed the December 29, 2011 proposed order. Rule 23 of the Rules of the District Courts of the State of Hawai'i (RDCH) requires that, after the parties have had their opportunities to propose the form of an order to the presiding district court judge, "the court shall proceed to settle the . . . order." Implicit within the language of RDCH Rule 23 is that the district court settles a proposed written order by having either a district court judge or district court clerk sign the written order. Cf. HRS § 604-20 (1993) ("The clerks of the district court shall have . . . the power to sign and enter judgments, subject to the direction of the court[.]"). No one signed the December 29, 2011 proposed order. Although the district court might possibly have orally announced its decision to the parties regarding the Appellants' December 28, 2011 post-judgment motion for a temporary restraining order, the district

-3-

court's "oral decision is not an appealable order." KNG Corp. v. Kim, 107 Hawai'i 73, 77, 110 P.3d 397, 401 (2005). The concept of entering of an order "signifies something more formal than mere oral rendition of an order or ruling of the court, and contemplates a filed written order." Scott v. Liu, 46 Haw. 221, 225-26 377 P.2d 696, 700 (1963); State v. Bulgo, 45 Haw. 501, 503, 370 P.2d 480, 482 (1962). Thus, for example, Hawai'i appellate courts have consistently held that minute orders are not enforceable as court orders. See, e.g., Torres v. Torres, 100 Hawai'i 397, 407, 60 P.3d 798, 808 (2003) ("The family court's September 24, 1999 minute order, notifying the parties that it had decided in favor of Margot, did not 'embody' or 'announce' appropriate orders; the court's reasoning and precise contours of its decision remained to be expressed in the written order. Consequently, the time within which Louan was required to file her motion for reconsideration did not begin on September 24, 1999."); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (Noting that "a [circuit court's] minute order is not an appealable order."); Glover v. Grace Pacific Corporation, 86 Hawai'i 154, 162, 948 P.2d 575, 583 (App. 1997) ("The [circuit] court's minute order of September 14, 1993[,] was not the 'requisite written' order which could be enforced."). Accordingly, the December 29, 2011 proposed order is not an appealable post-judgment order under HRS § 641-1(a). Absent an appealable post-judgment order, the Appellants' appeal is premature and we lack appellate jurisdiction.

Under Hawai'i case law, when an appellate court determines that it lacks jurisdiction, the only appropriate remedy is dismissal of the appellate case:

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action. Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal.

Housing Fin. and Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); Peterson v. Hawaii Electric Light Company, Inc., 85 Hawai'i 322, 326, 944 P.2d 1265, 1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994),

Therefore, IT IS HEREBY ORDERED that Appellee Wells Fargo Bank's January 9, 2012 motion to dismiss Appeal No. CAAP-11-0001101 for lack of jurisdiction is granted, and Appeal No. CAAP-11-0001101 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 28, 2012.

Presiding Judge

Associate Judge

Associate Judge